# United States District Court

In The _____ DISTRICT OF _____ New Mexico _____

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 0 3 2015

MATTHEW J. DYKMAN
CLERK

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

1988 White Chevrolet Pickup,

New Mexico License Plate Number NCH274,

VIN Number 1GCGC34K8JE205766

## APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

CASE NUMBER: 15-MR-334

I _____ being duly sworn depose and say:

I am a(n) __Special Agent of the FBI__ _____ and have reason to believe
           *Official Title*

that on the person of (name, description and/or location)

in the _____ District of _____ New Mexico _____
there is now concealed a certain person or property, namely (describe the person or property to be seized)
evidence of a crime from knives, alcoholic beverages, controlled substances, trace evidence, DNA, any cell phones and tire impressions.

which is (state one or more bases for search and seizure set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

Property that constitutes fruits, evidence, and instrumentalities of crimes against the United States,

concerning a violation of Title __18__ United States code, Section(s) __1153, 1111__ .
The facts to support a finding of Probable Cause are as follows:

**See Attached Affidavit hereby incorporated by reference as if fully restated herein.**

Continued on the attached sheet and made a part hereof.   X: Yes   : No

_____
Signature of Affiant
**William A. Hall, II**
Special Agent
Federal Bureau of Investigation

Sworn to before me, and subscribed in my presence

| 6-3-15 | Farmington, NM | at 2:55 p.m. |
|---|---|---|
| Date | City and State | |

B. Paul Briones, US Magistrate Judge     *B. Paul Briones* (signature)

Name and Title of Judicial Officer     Signature of Judicial Officer

GCM/AUSA

NEW MEXICO

ALBUQUERQUE, NEW MEXICO

State of New Mexico )

County of San Juan )

### AFFIDAVIT

I, William A. Hall, II, being duly sworn, hereby, depose and state as follows:

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been employed in that capacity for seventeen years. I am currently assigned to the Albuquerque Division of the FBI, and have primary investigative responsibility in violent crimes such as robbery, aggravated assaults, and homicide.

2. The information set forth in this affidavit has been derived from an investigation conducted by Special Agent William Hall of the FBI, Farmington Resident Agency, Navajo Nation Criminal Investigator Marc Scott, the New Mexico State Police as well as other law enforcement officers of the Navajo Nation.

3. On May 31, 2015, at approximately 3:00 A.M., SA Hall was notified by Navajo Criminal Investigations of a homicide involving a vehicle, which had occurred approximately 1 mile east of the Tocito turn off on U.S. 491. This location is within the exterior boundaries of the Navajo Indian Reservation.

4. At the scene was a deceased individual, henceforth known as John Doe and the reporting party, henceforth known as John Doe 2. Doe was lying in a field covered with a sheet. Approximately 100 yards away, separated by a dirt road, was a 1988 Chevrolet bearing NM license NCH 274. The truck is registered to Roderick Talk. The truck appeared to be stuck in a ditch.

5. John Doe 2, was briefly interviewed by SA Hall at the scene and again

interviewed on 06/01/2015 at the Navajo Nation Department of Criminal Investigations. Doe 2 advised he and Doe, his uncle, had been working together during the day of May 30, 2015. After working, that afternoon, they had gone to the Little Water store to buy some sodas. As they were leaving the store, Roderick Talk drove up. Talk called Doe on his cell phone and told them to come back to the store, which they did. Doe 2 left his vehicle at the store and both he and Doe got into Talk's vehicle.

6. From the Little Water store they drove to the Hogback to purchase some alcohol, but were denied. They then drove to the Zia liquor store in Fruitland, New Mexico and purchased two, four packs of HG beer and a half gallon of crystal Palace Vodka. Doe had purchased the alcohol with Talk's debit card.

7. From the Zia liquor store they decided to drive back to the reservation on back roads. They ended up on the Burnham Road, also known as Navajo Route 5. A few miles from the intersection of Navajo Route (NR) 5 and U.S. 491, Talk drove off the road. At this point, Doe 2 took over driving and they had been drinking some of the beer. Doe 2 drove them to the Burnham gas station which is at the intersection of U.S.491 and NR 5. By this time, Doe and Talk had begun drinking the vodka.

8. From there they drove to an area known as the "Trough". Up to this point, Doe 2 stated Doe and Talk had just been laughing and talking about old times. After turning on the road they drove for a short distance and then stopped so Doe 2 could urinate. While Doe 2 was urinating he could hear Talk become angry, accusing Doe of stealing his beer, stating that it had happened before. Talk reached for a folding knife, opened the blade and that is when Doe got out of the truck. Talk then yelled, "I'm gonna get you 'Doe' " and drove away.

9. Doe and Doe 2 began walking down the dirt road, when approximately five minutes later they hear the truck coming back. Doe told Doe 2 that he knew Talk wouldn't leave them out there, because he and Talk were buddies. As the truck's headlights approached them, Doe 2 realized Talk was going to hit them, so he jumped out

of the way. Doe yelled at Talk, asking what Talk was doing. Doe 2 advised Talk responded by saying, "I'm gonna get you!". Talk kept yelling at Doe and calling Doe 2 and Doe obscenities. At this point both Doe and Doe 2 were running and trying to get away.

10. Talk started driving through bushes and that is when Doe told Doe 2 that they should split up. Doe 2 took off running in the opposite direction of Doe and he could hear Talk yell, "I see you". Doe 2 was calling Navajo Police dispatch as Talk attempted to find him with his pickup's headlight, all the while yelling at them. After they split up, Doe 2 turned his cell phone on to call 911. When his phone lit up, Talk yelled "I see you". Doe 2 was on the North side of the dirt road. At one point, Doe 2 remembered hiding behind an outcropping of rock. Doe 2 advised he had attempted to video Talk during the event and turned his phone over to SA Hall.

11. Doe 2 did not know where Doe was, after they split up. Doe 2 advised Talk's vehicle had become stuck in a ditch. Doe 2 had also called his mother who drove to the area, picked him up and then they drove to U.S. 491 with their flashers on, awaiting the arrival of law enforcement.

12. According to Navajo P.D. dispatch records they first received a call from Doe 2 at approximately 11:10 PM on 05/30/2015 and kept talking off and on to Doe 2 until police arrived on scene at approximately 1:05 AM on 05/31/2015. During that time it was reported to dispatch that at approximately 11:43 PM, Talk's vehicle was stuck. Upon arrival, Navajo Police found Talk asleep in his truck.

13. After the arrival of police and the situation was secured, Doe's body was found by police approximately 100 yards from where Talk was sleeping in his truck. Emergency Medical Services were on scene and pronounced him dead. Talk was taken into custody by Navajo police and transported to the Shiprock jail. At the jail he was given an intoxilyzer test and the results showed Talk to have a Blood Alcohol Content (BAC) of .08 at 4:22 AM.

14. NMSP accident investigators responded to the scene and advised there appeared to be foot prints, intermittent with tire tracks, which appeared to correspond with Doe 2's statement. Investigators advised the tire tracks went back forth in a kind of S pattern, as if following the foot prints. There also appeared to be acceleration marks, in a straight line, leading up to and past the point where Doe was struck with the vehicle. There was also acceleration marks found around the body in the form of a circle. Tire marks ran from Doe's head, across his back to his hip. Due to the size of the scene, approximately ½ mile long and a ¼ mile wide, it was videotaped and photographed by the NMSP helicopter.

15. SA Hall and CI Marc Scott reviewed the video footage on the Doe 2's cell phone and observed a vehicle driving around and could hear the driver of the vehicle yelling obscenities.

16. This search warrant would be for the purpose of securing Deoxyribonucleic Acid (DNA) and trace evidence to establish a nexus between the vehicle driven by Talk and the injuries sustained by the decedent. Tire impressions to compare to those found on Doe's body and Talk's cell phone based on the call as referenced in paragraph five. Any knives as mentioned in paragraph 8 and any alcoholic beverages or containers.

17. Based on the information provided in this affidavit, your affiant believes evidence of a crime can be found by obtaining the aforementioned items in paragraph 16 from the White, 1988 Chevrolet pickup, NM license NCH274, VIN Number 1GCGC34K8JE205766, driven by Roderick Talk.

18. Based on the information provided, there is probable cause to believe that on or about May 30, 2015, Roderick Talk, an enrolled member of the Navajo Indian Tribe, was within the territorial jurisdiction of the Navajo Indian Reservation when he murdered John Doe, in violation of Title 18, United States Code, Section 1153 and Section 1111, murder with malice aforethought.

19. I swear that this information is true and correct to the best of my knowledge

and belief.

Affiant _____
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me
on this 3 day of June, 2015.

_____
United States Magistrate Judge